# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| OMAR S. MERRITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:15-CV-414-PPS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Omar S. Merritt, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISF 14-11-79) where a Disciplinary Hearing Officer (DHO) found him guilty of Disorderly Conduct in violation of Indiana Department of Correction (IDOC) policy B-236. [DE 19-6 at 1.] As a result, Merritt was sanctioned with the loss of 90 days earned credit time. [*Id.*] While Merritt identifies in his petition only two grounds on which he challenges the hearing, his arguments raise three issues.

Merritt first argues that he was denied access to an impartial hearing officer. According to Merritt, "the hearing officer just had one mind going into this hearing." [DE 1 at 2.] Merritt admits that he has a "history with the disciplinary body" and claims that because of this history, he is always sanctioned with the maximum penalty for any disciplinary infraction. [*Id.*] Yet, Merritt's discipline in this case dispels this claim. Here, Merritt did not receive the maximum penalty. The DHO could have demoted him to a lower credit class, but declined to do so. *See* The Disciplinary Code for Adult Offenders

at 38,

http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Here, even if the DHO had presided over one of his previous disciplinary hearings, this alone is not sufficient to prove bias.

Merritt also argues that the sanction he received was too harsh. [DE 1 at 2.] He argues that he was "over charge[d]" and that his actions were more appropriate to a lesser offense. [*Id.*] However, harshness is not a valid basis for challenging a punishment that is within the range of the offense for which the inmate was found guilty. *See United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence"). Here, the maximum sanction for the violation of a Class B

offense is three months. Disciplinary Code for Adult Offenders at 38, [http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.](http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.) Merritt's sanction was within this range. Therefore, the harshness of his sanction is not a ground for habeas corpus relief.

Finally, Merritt challenges the sufficiency of the evidence used to find him guilty. He claims that he should not have been found guilty of violating IDOC B-236 because he did not make a threat or commit a violent act. [DE 1 at 2.] Respondent contends that there was sufficient evidence to find Merritt guilty because he admitted to throwing food out of his cell because he was upset about the type of meal he received. [DE 19 at 5.] Respondent contends that this admission, with video evidence of the food strewn outside the cell, was sufficient evidence on which to find Merritt guilty. [*Id.* at 6.] I agree.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have

> the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal quotation marks and citations omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

The DHO had sufficient evidence to find Merritt guilty of violating IDOC B-236. The IDOC defines the offense as, "[d]isorderly conduct: exhibiting disruptive and violent conduct which disrupts the security of the facility or other area in which the offender is located." Adult Disciplinary Process, Appendix I: Offenses at 7, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Merritt admits that he threw the food out of his cell. However, he argues that he was not violent or threatening and therefore should not have been found guilty of this offense. [DE 1 at 2.] The IDOC does not define the term "violent." However, Black's Law Dictionary defines the term as: "1. Of, relating to, or characterized by strong physical force <violent blows to the legs>. 2. Resulting from extreme or intense force <violent death>. 3. Vehemently or passionately threatening <violent words>." Black's Law Dictionary (10th ed. 2014). The DHO used discretion to find that Merritt's throwing food out of his cell constituted a violent and disruptive act. This determination was not arbitrary or unreasonable. Moreover, it is not the province of this court to re-weigh the

evidence. There was "some evidence" that Merritt violated IDOC B-236; therefore, he is not entitled to habeas corpus relief.

If Merritt wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For the reasons set forth above, the petition [DE 1] is **DENIED**. The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

ENTERED: May 17, 2017.　　　　　　　　　　s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　　　　　**PHILIP P. SIMON, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**